PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
EVERETT L. GREEN, SBN 237936
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Everett.L.Green@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL G. CRONSHEY and<br>SHERLEE CRONSHEY,<br><br><br>    Debtors.<br>_____<br>UNITED STATES TRUSTEE FOR THE<br>CENTRAL DISTRICT OF CALIFORNIA,<br>REGION 16,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL G. CRONSHEY and<br>SHERLEE CRONSHEY,<br><br><br>    Defendants. | Case No. 6:13-bk-22224-MJ<br><br>Chapter 7<br><br>Adversary No. 6:14-ap-01082-MJ<br><br>**PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND TO MODIFY THE COURT'S SCHEDULING ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7016; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVERETT L. GREEN, FILED IN SUPPORT THEREOF**<br><br>Date:    May 21, 2015<br>Time:    10:00 a.m.<br>Place:    United States Bankruptcy Court<br>            Courtroom 301<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

The U.S. Trustee filed his complaint seeking to deny Defendants' discharge based, in part, on Defendants' refusal to comply with an order to turnover property of the estate by destroying estate property and intimidating and harassing the Chapter 7 Trustee and his agents.

After the discovery period closed, on March 31, 2015, counsel to the U.S. Trustee and Defendants' counsel met and conferred.[1]  In discussing Defendants' position, Counsel opined that both Defendants lacked mental capacity and did not understand their responses in the schedules or their 341(a) testimony.[2]  Counsel disclosed that Defendants were seeking a psychiatric examination.[3]

Counsel's statements introduce a new defense and a new legal theory that Defendants have never raised in this litigation.  Defendants' answer did not plead lack of capacity as an affirmative defense.[4]  Diminished capacity was not raised in the Rule 26 disclosures, status reports, or in any submission in this litigation.[5]

Courts reopen discovery based on new evidence or a change in circumstances in a party's medical condition after discovery has ended.  *See, e.g.*, *Rios v. Wal-Mart Stores, Inc.*, No. 2:11-cv-01592-APG-GWF, 2014 WL 1413639, *6 (D. Nev. April 11, 2014).[6]  The U.S. Trustee requests a limited reopening of discovery and modification of the pre-trial order so that he can begin discovery of Defendants' medical condition.

---

[1]    Declaration of Everett L. Green ("Green Decl.") ¶ 3.

[2]    *Id*.

[3]    *Id*. at ¶ 3, Exhibit ("Exh.") 1.

[4]    *Id*. at ¶ 4, Exh. 2, pps. 10-11.

[5]    *See* Green Decl. ¶¶ 4-5.

[6]    In accordance with the Local Bankruptcy Rules, a copy of this unpublished opinion is attached hereto.

## II.     STANDARDS

Because Courts exercise wide latitude in controlling discovery, a Court may modify its scheduling order to reopen discovery for good cause.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); Fed. R. Civ. P. 16(b).  Good cause to reopen discovery exists when the movant is diligent in requesting modification of the scheduling order and when new evidence or a change in circumstances in a party's medical condition arise after discovery has ended.  *See, e.g.*, *Rios*, 2014 WL 1413639 at *6.

## III.    ARGUMENT

Defendants raised their lack of capacity defense for the first time, on March 31, 2015, after discovery closed.  The U.S. Trustee filed this motion less than 3 weeks later.  The U.S. Trustee acted diligently in requesting the Court to modify its scheduling order.

Defendants' new medical-based defense attempt to negate the fraudulent intent elements of the Complaint's Section 727 claims.  Rebutting this defense and any new evidence of Defendants' diminished capacity will require that the U.S. Trustee conduct additional fact-finding concerning Defendants' medical condition during the relevant period in dispute, including potential depositions of Defendants' physicians; supplementing Rule 26 disclosures; and identification of any of Defendants' experts and the their reports.

In addition, Defendants attempt to introduce new evidence after the close of discovery is particularly problematic.  Defendants did not respond to the U.S. Trustee's discovery requests.[7] And their new defense appears to be based on information that has been known to Defendants for a significant period of time.  The Court should modify its scheduling order and reopen discovery.

---

[7]     Green Decl. ¶ 6.

## IV.    **CONCLUSION**

The U.S. Trustee respectfully requests that the Court grant his motion and modify its scheduling order reopen discovery for four (4) months.[8]

DATED:  April 27, 2015

UNITED STATES TRUSTEE FOR THE
CENTRAL DISTRICT OF CALIFORNIA,
REGION 16

By:    /s/ Everett L. Green
       Everett L. Green
       Trial Attorney

---

[8] To the extent the Court declines to reopen discovery, the Court should exclude and bar any evidence that was not disclosed prior to the discovery cut-off date.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

    3801 University Avenue, Suite 720, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): _____
Motion to Reopen Discovery _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/27/2015_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  Defendants' Counsel, Baruch C Cohen    bcc4929@gmail.com, pjstarr@starrparalegals.com

  Chapter 7 Trustee, Howard B Grobstein (TR)    hbgtrustee@gtfas.com, C135@ecfcbis.com

  Plaintiff, United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

  Michael J Bujold    Michael.J.Bujold@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 04/27/2015_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  Debtor-Defendants, Sherlee Cronshey & Michael G. Cronshey, P.O. Box 485, Twin Peaks, CA 92391

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/27/2015_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  Hon. Meredith A. Jury, 3420 Twelfth St. Ste. 325, Riverside, CA 92501-3819 (overnight mail)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/27/2015 | Everett L. Green | /s/ Everett L. Green |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# DECLARATION OF EVERETT L. GREEN

I, Everett L. Green, hereby declare:

1.      I am an attorney duly authorized to practice law in the State of California and before this Court.  I serve as a Trial Attorney to Plaintiff, the United States Trustee for Central District of Region 16 ("U.S. Trustee").  I submit this declaration in support of the U.S. Trustee's motion to reopen discovery.[9]  I make this declaration of my own personal knowledge except where stated on information and belief, and as to such matters I believe that they are true.  If called as a witness, I could and would testify truthfully to the information contained herein.

2.      The Court issued a scheduling order closing the discovery period on September 30, 2014.

3.      On March 31, 2015, I met and conferred with Defendants' counsel, Baruch C. Cohen.  Mr. Cohen stated that both Defendants' lacked mental capacity and did not understand their responses in the schedules or their 341(a) testimony.  Mr. Cohen stated that Defendants were seeking a psychiatric examination.  A true and correct copy of a letter Mr. Cohen provided to my office is attached hereto as Exhibit 1.

4.      Defendants did not raise lack of capacity as an affirmative defense.  A true and correct copy of Defendants' answer is attached hereto as Exhibit 2.

5.      Defendants did not identify any expert witnesses or expert reports to the U.S. Trustee.

6.      Defendants did not respond to the U.S. Trustee's Request for Production of Documents and Interrogatories.  Mr. Cohen has acknowledged receiving the requests.

7.      Prior to filing this motion I met and conferred with Mr. Cohen.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 27, 2015 at Riverside, California

/s/ Everett L. Green
Everett L. Green

---

[9]      Unless stated otherwise, capitalized terms have the meanings defined in the motion.

# Exhibit 1



VA LOMA LINDA
HEALTHCARE SYSTEM

*A Division of VA Desert Pacific
Healthcare Network*

In Reply Refer To:

**Jerry L. Pettis Memorial
VA Medical Center**
11201 Benton Street
Loma Linda, CA 92357
(909) 825-7084

**Blythe VA Rural Health
Clinic**
1273 W. Hobson Way
Blythe, CA 92225
(760) 921-1224

**Corona VA Clinic**
800 Magnolia Ave. #101
Corona, CA 92879
(951) 817-8820

**Murrieta VA Clinic**
28078 Baxter Rd., #540
Murrieta, CA 92563
(951) 290-6500

**Palm Desert VA Clinic**
41-990 Cook St., Bldg. F,
#1004
Palm Desert, CA 92211
(760) 341-5570

**Rancho Cucamonga VA
Clinic**
8599 Haven Ave., #102
Rancho Cucamonga, CA
91730
(909) 946-5348

**Victorville VA Clinic**
12138 Industrial Blvd., #120
Victorville, CA 92392
(760) 951-2599

March 27, 2015

To Whom It May Concern:

Mr. Cronshey is followed at the Jerry Pettis VA hospital.  He is
currently in the process of being evaluated and tested for memory
loss/dementia.

Please take this into consideration.

Thank you,

Diane Berriman, MD
/es/ DIANE JO BERRIMAN, MD
Attending Physician, GIM
Signed: 03/27/2015 08:54



# Exhibit 2

1   Baruch C. Cohen, Esq. (SBN 159455)
    **LAW OFFICE OF BARUCH C. COHEN**
2        A Professional Law Corporation
    4929 Wilshire Boulevard, Suite 940
3   Los Angeles, California 90010
    (323) 937-4501        Fax (323) 937-4503
4   e-mail: BCC4929@gmail.com
    Linkedin Profile: http://www.linkedin.com/in/baruchcohen
5
6   *Attorney For Debtors and Defendants* MICHAEL G. CRONSHEY AND SHERLEE CRONSHEY
7
8
9                   **UNITED STATES BANKRUPTCY COURT**
10                  **CENTRAL DISTRICT OF CALIFORNIA**
11                        **RIVERSIDE DIVISION**
12
13  In re                                   Case No. 6:13-bk-22224-MJ
                                            Adversary # 6:14-ap-01082-MJ
    MICHAEL G. CRONSHEY AND                 Before the Honorable Meredith Jury
14  SHERLEE CRONSHEY,                       Chapter 7
15           Debtors
16
17
18  UNITED STATES TRUSTEE FOR THE           **ANSWER TO COMPLAINT SEEKING**
    CENTRAL DISTRICT OF                     **REVOCATION OF DISCHARGE**
19  CALIFORNIA,
20           Plaintiff
21  vs.
22  MICHAEL G. CRONSHEY AND
    SHERLEE CRONSHEY;
23  S&I HOLDINGS, INC; G&D
    FURNITURE, LLC; VILLAGE
24  EQUITIES, LLC; HOLLYHILLS
    DEVELOPMENT, INC.; SUNRISE
25  PROPERTIES; & DEVELOPMENT,
    INC., & DOES 1-200
26
27           Defendants
28                  TO PLAINTIFF UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF

C:\DATA\DOCS\CRONSHEY\ANSWER.wpd
5/12-7:49pm                          Exhibit 2, pg. 9

1    CALIFORNIA AND ITS ATTORNEY OF RECORD (hereinafter referred to as "Plaintiff"):

2         Debtors and Defendants MICHAEL G. CRONSHEY AND SHERLEE CRONSHEY

3    (hereinafter referred to as "Defendants") hereby answers the allegations in PLAINTIFF UNITED

4    STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA's COMPLAINT

5    SEEKING REVOCATION OF DISCHARGE (hereinafter referred to as the "Complaint").

6         This answer is timely. The responsive pleading was originally due on 4-24-2014 and the

7    parties agreed to extend the response date to 5-16-2014 and that no default be taken during that

8    time.

9                                  GENERAL DENIAL

10        Defendants generally deny each and every allegation of Plaintiff's *Complaint*.

11                                 SPECIFIC DENIALS

12        Defendants admit the allegations of paragraphs 1, 2, 3, 4, 7, 23, 26, 29, 30,  of the

13   *Complaint*.

14        Defendants lack information or belief sufficient to answer the allegations in paragraphs 5,

15   8, 9, 10, 11, 12, 13, 14,  15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 27, 28, 31, and therefore deny

16   generally and specifically each and every allegation contained of in the *Complaint*.

17                              AFFIRMATIVE DEFENSES

18                            FIRST AFFIRMATIVE DEFENSE

19        Defendants allege that many paragraphs in Plaintiff's *Complaint* are so vague, ambiguous,

20   confusing and convoluted that Defendants cannot reasonably be required to frame a responsive

21   pleading to them.

22                           SECOND AFFIRMATIVE DEFENSE

23        Defendants allege that Plaintiff's *Complaint* failed to state facts sufficient to constitute a

24   cause of action against Defendants.

25                            THIRD AFFIRMATIVE DEFENSE

26        Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is

27   barred as against Defendants because the damages sustained by Plaintiff, if any, were proximately

28

1 | caused by the acts, omissions, negligence, theft, fraud, and/or breach of obligations by persons or

2 | entities other than Defendants.

3 | FOURTH AFFIRMATIVE DEFENSE

4 |     Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is

5 | barred as against Defendants because The weight of case law states that the statute should be

6 | strictly construed against the objecting creditor and liberally in favor of the Debtors / Defendants.

7 |     Pursuant to F.R.B.P. 9011, and F.R.C.P. 11, should the Debtors/Defendants succeed in

8 | discharging the debt, and the court concludes that Plaintiff's lawsuit was not substantially justified,

9 | Defendants shall recover costs and attorneys fees in defending the suit.

10 | FIFTH AFFIRMATIVE DEFENSE

11 |     Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is

12 | barred as against Defendants because Defendants actions were all at the advice of counsel.

13 | SIXTH AFFIRMATIVE DEFENSE

14 |     Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is

15 | barred as against Defendants because the requesting party knew or should have known about the

16 | allegations of this complaint before the granting of such discharge.

17 |     WHEREFORE, Defendants pray that the Court issue the following judgment:

18 | 1.   That the Plaintiff takes nothing by its *Complaint*, and that said *Complaint* be dismissed

19 |     with prejudice - Judgement for the Defendants on all counts;

20 | 2.   That the Court not revoke Debtors' discharge.

21 | 3.   The Court award Defendants' costs and reasonable fees in an amount which will be

22 |     ascertained at trial, pursuant to F.R.B.P. 9011;

23 | 4.   The Court sanction Plaintiff and counsel for filing and maintaining this frivolous lawsuit in

24 |     an amount which will be ascertained at trial; and

25 | 5.   For such other and further relief as the Court may deem just and proper.

26 | ///

27 | /// ///

28 |

1  DATED:        May 12, 2014                LAW OFFICE OF BARUCH C. COHEN
                                            A Professional Law Corporation
2

3                                           By ____/S/ Baruch C. Cohen_____
                                            Baruch C. Cohen, Esq.
4                                           *Attorney For Debtors and Defendants* MICHAEL G.
                                            CRONSHEY AND SHERLEE CRONSHEY
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010

A true and correct copy of the foregoing document entitled: **ANSWER TO COMPLAINT SEEKING REVOCATION OF DISCHARGE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 5/12/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Baruch C Cohen - bcc4929@gmail.com
Howard B Grobstein (TR) hbgtrustee@gtfas.com; C135@ecfcbis.com
Michael J Bujold, United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov; Michael.J.Bujold@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 5/12/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Meredith A. Jury, U.S. Bankruptcy Court, 3420 Twelfth Street, Suite 325, Riverside CA 92501-3819

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/12/2014 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Unpublished Opinion

Slip Copy, 2014 WL 1413639 (D.Nev.)
**(Cite as: 2014 WL 1413639 (D.Nev.))**

**H**

Only the Westlaw citation is currently available.

United States District Court,
D. Nevada.
Abby RIOS, Plaintiff,
v.
WAL–MART STORES, INC., Defendant.

No. 2:11–cv–01592–APG–GWF.
Signed April 11, 2014.

Cheri L. Shaine, The Schwartz Law Firm, Steven J. Mack, Tisha R. Black–Chernine, Black & Lobello, George A. Maglares, Agwara & Associates, Las Vegas, NV, for Plaintiff.

Brenda H. Entzminger, Chasen Cohan, Phillips, Spallas & Angstadt LLP, Las Vegas, NV, for Defendant.

**ORDER**

GEORGE FOLEY, JR., United States Magistrate Judge.

*1 This matter is before the Court on Plaintiff's Emergency Motion to **Reopen Discovery** and Extend Trial Date (# 88), filed on January 29, 2014. Defendant filed its Response to Plaintiff's Motion (# 93) on February 8, 2014. Plaintiff filed her Reply (# 100) on February 18, 2014.[FN1] Plaintiff also filed a Motion to Reconsider Future Damages and any Limitations of Treating Physicians' Testimony at Trial (# 83) on January 24, 2014. The court addresses that motion herein as it relates to Plaintiff's motion to **reopen discovery**.

> FN1. On January 30, 2014, one day after Plaintiff's Emergency Motion was filed, the district judge entered a minute order vacating the trial date pending the magistrate judge's decision on Plaintiff's motion to **reopen discovery**. The court stated that a new trial date and calender call will be set after the magistrate judge rules on that

motion. *Minute Order (# 89)*. On February 19, 2014, Judge Hoffman, the assigned magistrate judge, recused himself from hearing any further matters in this case and it was reassigned to the undersigned.

**BACKGROUND**

Plaintiff Abby Rios alleges that on August 14, 2009 she slipped on spilled yogurt in Defendant's Wal–Mart store which caused her to fall and injure her back. Plaintiff filed suit against Wal–Mart in the District Court, Clark County, Nevada on July 15, 2011. Defendant removed the action to this court on September 30, 2011. On November 14, 2011, the Court entered a scheduling order which set a discovery cut-off date of March 28, 2012. *Scheduling Order (# 10)*. Plaintiff served her initial disclosures pursuant to Fed.R .Civ.Pro. 26(a) on November 18, 2011. Plaintiff's Initial Disclosures included a computation of past damages for medical expenses in the amount of $149,740.00. *See Defendant's Motion in Limine (# 60), Exhibit A, Plaintiff's Initial Disclosures Pursuant to FRCP 26(a)*. The computation did not include any estimate of future medical expenses or other future special damages. *Id*. On April 11, 2012, the Court approved the parties' stipulation to conduct certain depositions outside the close of discovery. This included the depositions of Dr. Grover, Dr. Ghuman, Dr. Johnson, an FRCP 30(b)(6) deposition of Nevada Spine Clinic, and Defendant's employees. *Order (# 21)*.

On April 27, 2012, Wal–Mart filed a motion for summary judgment asserting that there was no evidence that it had actual or constructive notice of the yogurt spill prior to Plaintiff's accident and was therefore not liable for the accident. *Motion for Summary Judgment (# 23)*. The district judge denied Defendant's motion on October 5, 2012, noting that "[t]he evidence of constructive notice provided by Rios is not strong, but it is enough to establish a genuine dispute for trial." *Order (# 38), pg. 4*.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2
Slip Copy, 2014 WL 1413639 (D.Nev.))
(Cite as: 2014 WL 1413639 (D.Nev.))

The parties did not file the joint pretrial order within 30 days after the decision on the motion for summary judgment as required by the scheduling order. Pursuant to Local Rule (LR) 16–3(c), counsel for the plaintiff is responsible for initiating the preparation of the joint pretrial order. On April 3, 2013, the district judge ordered that the joint pretrial order be filed within 30 days. *Minute Order (# 40).* The parties filed a proposed joint pretrial order on May 23, 2013. They subsequently filed a proposed amended joint pretrial order on June 20, 2013 which the court approved on July 5, 2013. *See Docket Nos. 42, 48, and 52.* The court scheduled jury trial for October 21, 2013. *Amended Pretrial Order (# 52).*

**\*2** In advance of the October 21, 2013 trial date, Defendant filed a Motion in Limine to Exclude from Trial any Evidence Pertaining to Damages Not Timely Disclosed Per FRCP 26(a)(1)(A)(iii)(# 60).FN2 The motion sought to preclude Plaintiff from presenting testimony regarding the cost of future lumber spine surgery that she will allegedly need at some point in her lifetime as a result of her accident injuries. The motion was prompted by Plaintiff's counsel's statement during a settlement conference on September 9, 2013 that Ms. Rios intended to pursue recovery for the cost of future lumbar spine surgery based on Dr. Jaswinder Grover's December 15, 2011 letter to Plaintiff's counsel.

> FN2. On October 1, 2013, Plaintiff moved to continue the trial until February 2014 on the grounds that the attorney handling the case had taken a position with another law firm. Plaintiff's counsel, Mr. Agwara, was out of the country until October 19, 2013 and would need additional time to review the case and prepare it for trial. *Motion to Continue Trial (# 63).* The court granted the motion for continuance the following day, and rescheduled trial for February 5, 2014. *Minute Order (# 64).*

Dr. Grover's December 15, 2011 letter sum-

marized Plaintiff's alleged back injury resulting from the accident in August 2009. He stated that Plaintiff suffered a disc herniation at L5–S1 which was initially treated with physical therapy and injections.FN3 The Plaintiff thereafter underwent lumbar surgery in March 2011. Dr. Grover reported that:

> FN3. Plaintiff had pre-existing degenerative conditions of the lumbar spine. A July 2, 2007 radiology report regarding an MRI of Ms. Rios' lumbar spine stated as follows:
>
> > There is dessication of all the lumbar intervertebral discs, including multiple inferior thoracic vertebral discs most prominently noted at L5–S 1. Disc height is maintained in the lumbar spine.
> >
> > At the L4–5 level there is a left posterolateral disc bulge extending 1 mm into the left posterolateral recess.
> >
> > At the L5–S 1 level there is a central posterior annular tear with central disc protrusion extending 2mm into the central spinal canal. The conus medullaris is normal in position, configuration and signal intensity. No abnormal central canal masses are identified. There is mild bilateral neural foraminal narrowing at L5–S 1 secondary to posterolateral disc bulge, posterior facet joint hypertrophy and ligamentum flavum hypertrophy.
>
> *See Defendant's Motion for Spoliation Sanctions (# 79), Exhibit A.*

Since surgery, she has appreciated significant improvement in her radiculopathy and her back pain but still suffers from residual symptomatology. Subsequent MRI imaging of the lumbar spine has demonstrated some residual and/or recurrent disc herniation at L5–S1 and some

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 1413639 (D.Nev.))
**(Cite as: 2014 WL 1413639 (D.Nev.))**

premature degeneration of the L5–S1 disc facet
zone.

...

Given her relative youth and given my review
of the imaging studies and the pathology at the
L5–S1 level whereby she has already demon-
strated premature degeneration at that level, I
believe that within a reasonable degree of med-
ical probability that at some point over the
course of her lifetime she will succumb to fur-
ther surgical care and treatment, in all likeli-
hood, in the form of an interbody fusion and
stabilization at the L5–S1 level.

*Plaintiff's Response to Defendant's Motion in
Limine (# 71), Exhibit 3.*

Dr. Grover estimated that the cost of such sur-
gery, including surgeon fees, anesthesia fees, hos-
pitalization, surgery center and equipment fees, and
post-operative physical therapy and rehabilitation,
would be $171,500.00. *Id.*

Defendant's counsel had previously deposed
Ms. Rios on December 6, 2011. Ms. Rios was asked
if Dr. Grover had told her she would need any fur-
ther treatment. Ms. Rios testified that Dr. Grover
told her that she would probably need another sur-
gery in the future to replace her disc, but he did not
state when such surgery would be needed.
*Plaintiff's Response to Defendant's Motion in
Limine (# 71), Exhibit 1, Plaintiff's Deposition, pg.
132.*

Plaintiff's counsel did not directly provide a
copy of Dr. Grover's December 15, 2011 letter to
Defendant's counsel. Nor did Plaintiff's counsel
supplement Plaintiff's Rule 26(a) Disclosure to in-
clude the cost of future surgery in Plaintiff's com-
putation of damages. On or about December 9,
2011, however, Defendant served a subpoena on
the custodian of records of Dr. Grover's clinic,
Nevada Spine Clinic, and reportedly received a
copy of Dr. Grover's December 15, 2011 letter in

the records produced pursuant to the subpoena. De-
fendant subsequently deposed Dr. Grover on April
20, 2012. *Plaintiff's Response to Defendant's Mo-
tion in Limine (# 71), Exhibits 2 and 4.* It is not
clear whether Dr. Grover was questioned during his
deposition about his December 15, 2011 letter or
Plaintiff's alleged need for future surgery.

**\*3** Defendant's counsel represented to the court
that given the speculative or uncertain nature of Dr.
Grover's opinion regarding the need for future sur-
gery, and the fact that Plaintiff did not supplement
her computation of damages to include the cost of
future surgery, Defendant reasonably concluded
that Plaintiff was not claiming it as an element of
her damages until Plaintiff asserted it during the
September 2013 settlement conference.

On December 11, 2013, Magistrate Judge Hoff-
man conducted a hearing on Defendant's motion in
limine. During the hearing, Plaintiff's counsel in-
formed the court of the following additional in-
formation relating to Plaintiff's physical and medic-
al condition:

Also, Your Honor, we just learned yesterday
that our client had to go back to Nevada Spine.
She had a baby in July. And that put quite a bit
of pressure evidently on her back. And she's
having numbness in her legs.

She was seen yesterday. They're going to do an
MRI. And she's going to be seen on the 19th
again. And after you have the baby, you pick
up the baby. I informed counsel yesterday or-
ally. I haven't had a chance to write that up yet.

So there's also that issue out there, the worsen-
ing of the condition. It may be that it's part of
the back that has absolutely nothing to do with
this accident. But until the diagnostics are re-
viewed on the 19th, we really don't know.

*December 11, 2013 Motion Hearing, pg. 10.*

Other than acknowledging the receipt of this
additional information, Judge Hoffman did not

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

make any comment about it or make any specific ruling concerning it. *Id.* Pursuant to Fed.R.Civ.Pro. 37(c), Judge Hoffman granted Defendant's motion in limine on the grounds that Plaintiff had failed to include a claim for the cost of future surgery in a timely Rule 26(a)(1)(iii) computation of damages. The court therefore barred Plaintiff from introducing evidence regarding the cost of future surgery at trial. *See Transcript of Proceedings (# 81), December 11, 2013 Motion Hearing, pgs. 17–18.*

Plaintiff's counsel subsequently sent a letter to Defendant's counsel on December 16, 2013, stating that "Ms. Rios' condition has worsened and or exacerbated presumably due to her recent pregnancy and child birth." Plaintiff's counsel offered to provide new medical authorizations and lists of providers so that Defendant could obtain updated medical records. *Plaintiff's Emergency Motion to Reopen Discovery (# 88), Exhibit 1.*

In support of her motion to **reopen discovery**, Plaintiff has submitted additional medical records from Nevada Spine Clinic and Dr. Grover, dated December 10, 2013, December 19, 2013 and January 23, 2014. *Id, Exhibit 1.* The December 10, 2013 report, prepared by a physician assistant ("PA"), stated that Ms. Rios was seen that day for re-evaluation of her condition. Ms. Rios reported that she had recently given birth and had "ongoing and progressive back pain with radiating pain into her left gluteal region, left lower extremity at this time." Plaintiff was noted to have significant discomfort about the paralumbar region along the S1 joint on the left. X-rays reportedly revealed retrolisthesis L4–L5 with significant narrowing at L5–S1. The PA reported that Plaintiff's symptoms were "significantly worsening" on the left and recommended that an updated MRI of the lumbar spine be obtained.

**\*4** Ms. Rios was subsequently examined by Dr. Grover on December 19, 2013. He noted that the MRI scan of the lumbar spine revealed post-surgical changes and what appeared to be a potentially significant symptomatic annular tear at L5–S1 and

some progression of disc bulge, protrusion at L4–L5. Dr. Grover recommended a course of epidural injections, as well as physical therapy. Dr. Grover again saw the Plaintiff on January 23, 2014 and set forth a somewhat more detailed history of Plaintiff's increased low back and lower extremity symptoms during her pregnancy and after the birth of her child six months earlier.

Dr. Grover stated:

> She has been trying to manage her symptoms, performing at this time physical therapy for manual and physical stabilization. I have encouraged her to continue with such course of treatment, although I have discussed with her and her husband today, as on previous occasion, the possibility of more definitive surgical reconstructive surgery in the form of an interbody fusion stabilization at the L5–S1 level, possibly to include the L4–5 level. We would consider discography CT scan of the lumbar spine if necessary, although at this point I have encouraged further conservative measures in the hope that she can return to a level of comfort or discomfort that is tolerable to her. She is quite young and I have encouraged her to try to remain as active as reasonably possible. I have also given her the opportunity to consider an epidural steroid injection. The patient will be re-evaluated to assess her progress over the next four to six weeks.

*Plaintiff's Emergency Motion (# 88), Exhibit 1, Dr. Grover's 1/23/2014 Report.*

Plaintiff requests that the Court re-open discovery to permit the parties to determine whether the changes in Plaintiff's lumbar spine and the increase in her symptoms during pregnancy and since the birth of her child are attributable to the back injury she sustained in the August 2009 accident. Defendant vehemently opposes the motion, arguing that Plaintiff's motion is consistent with her former counsel's previous pattern of delay and failure to comply with the discovery rules and the scheduling

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 1413639 (D.Nev.))
**(Cite as: 2014 WL 1413639 (D.Nev.))**

order.

### *DISCUSSION*

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a scheduling order may be modified only for good cause and with the judge's consent. Local Rule (LR) 6–1(b) states that a request for extension made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. A request to **reopen discovery** falls within the ambit of the good cause requirements of Rule 16(b)(4) and LR 6–1(b). *Abila v. United States,* 2013 WL 486973, *4 (D.Nev.2013).*

The meaning of "good cause" under Fed.R.Civ.Pro. 16(b) was further defined by the Ninth Circuit in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992) as follows:

**\*5** Fed.R.Civ.P. 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment); ... Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. (Internal citations omitted).

Before directly addressing Plaintiff's motion to **reopen discovery**, the court addresses Plaintiff's separate motion for reconsideration of Magistrate Hoffman's December 11, 2013 order which barred the Plaintiff from introducing evidence regarding Plaintiff's alleged need for future surgery. Plaintiff argues that Judge Hoffman's order is interlocutory and therefore may be revoked or modified by the court prior to trial or final judgment.

"A district court has 'inherent jurisdiction to modify, alter, or revoke' a non-final order." *Barnard v. Las Vegas Metropolitan Police Dept.,* 2010 WL 1815410, * 1 (D.Nev.2010), quoting *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir.2000).* The court, however, may not revoke or modify an interlocutory order simply because the judge changes his or her mind or because a different judge is assigned to the case and views the matter differently than did the first judge. Under the law of the case doctrine, the court may revoke or modify its prior interlocutory order only if (1) it was clearly erroneous, (2) an intervening change of law has occurred, (3) evidence is substantially different on remand, (4) other changed circumstances exist, or (5) manifest injustice would otherwise result. *Id.,* citing *United States v. Cuddy,* 147 F.3d 1111, 1114 (9th Cir.1998).* *Barnard* notes that a district court abuses its discretion if it alters its prior order absent one or more of the foregoing considerations.

There is no basis for the court to revoke or modify Judge Hoffman's order on the grounds that it was clearly erroneous. As Judge Hoffman found, Plaintiff did not include a claim for future medical expenses based on Dr. Grover's December 15, 2011 letter in a timely served supplement to her Rule 26(a)(1)(A)(iii) computation of damages. Plaintiff also failed to demonstrate excusable neglect for failing to serve such a supplement. At the time Judge Hoffman granted Defendant's motion, the scheduled February 5, 2014 trial was less than two months away. Defendant would have been unfairly prejudiced if Plaintiff had been permitted to introduce this belated claim for future medical expenses.

The issue presently before the court, however, is whether good cause exists to **reopen discovery** based on developments in Plaintiff's physical and medical condition that occurred after the close of discovery. Although Plaintiff's counsel informed Judge Hoffman of Ms. Rios's deteriorated low back condition during the December 11, 2013 hearing, there was no medical evidence before the court on

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2014 WL 1413639 (D.Nev.))
(Cite as: 2014 WL 1413639 (D.Nev.))

that date demonstrating that her condition had, in fact, worsened, or that she was in *present* need of further medical treatment. As stated previously, Judge Hoffman did not comment on this information in ruling on the motion in limine. The undersigned views Judge Hoffman's decision as limited to the issue of whether Dr. Grover's December 15, 2011 opinion that Plaintiff would need fusion surgery at some point in her lifetime was admissible.

**\*6** Following the December 11, 2013 hearing, Plaintiff submitted to the court and Defendant's counsel Dr. Grover's reports concerning his recent evaluation of Plaintiff's low back condition and his treatment recommendations. The district judge vacated the February 5, 2014 trial date pending a ruling on Plaintiff's motion to **reopen discovery**. These matters arguably constitute **new evidence** or changed circumstances with respect to the admissibility of additional evidence regarding Plaintiff's low back condition and the reopening of discovery with respect thereto.

In *Barnard v. Las Vegas Metropolitan Police Dept.,* the court, in denying the plaintiff's motion to **reopen discovery**, stated that "[m]ore information regarding ongoing medical conditions can always be gained by conducting more and more discovery as time goes on, but at some point the trial must be held." 2010 WL 1815410, at \*2. On the other hand, where there has been a material change or development in the plaintiff's medical condition or treatment after discovery has ended, the reopening of discovery on that basis may be justified. *See Abila v. United States,* 2013 WL 486973 (D.Nev.2013). Among the facts that should be considered is whether plaintiff has acted diligently in notifying the defendant and the court of the alleged change or development in plaintiff's condition and in moving to **reopen discovery**.

Trial was not set in this case until approximately a year and a half after discovery closed. That time span was due in part to a five month period between the filing of Defendant's motion for summary judgment and the decision thereon. There

was, however, an additional and unnecessary period of delay between denial of Defendant's motion for summary judgment and the filing of the joint pretrial order. Given such a passage of time between the close of discovery and the trial date, it is not surprising that a material change or development in the Plaintiff's physical or medical condition might occur in the interim.

The court recognizes that Ms. Rios's appointment with Dr. Grover's clinic one day before the December 11, 2013 hearing, was probably not purely coincidental. However, Ms. Rios did become pregnant in late 2012 and gave birth to a child in July 2013, well after discovery closed in this case. The physical stress of pregnancy and childbirth may have caused further degeneration or damage to Plaintiff's lumbar spine, resulting in increased low back pain and other symptoms. The point in time at which Ms. Rios's increased low back symptoms became so severe or chronic that she should have sought further evaluation and treatment, and Defendant should have been notified of this change in her condition, is not readily determinable from the medical records provided to the court. That Plaintiff did not seek medical care for her back condition until approximately five months after the birth of her child, however, is not necessarily unreasonable. FN4

> FN4. The Court also recognizes that Plaintiff's low back symptoms following her pregnancy and childbirth may not be causally attributable to the slip and fall accident. As stated in footnote 3, Ms. Rios had significant degenerative conditions of the lumbar spine, including an annular tear and central disc protrusion at L5–S1, that predate the August 2009 accident.

Obviously, trial and final resolution of this action should not be unreasonably delayed while Plaintiff's counsel belatedly get their case in order. Nevertheless, the Court finds that Plaintiff has shown good cause for a limited reopening of discovery to determine the extent to which her lumbar

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

spine condition and symptoms have been exacerbated by her pregnancy and/or childbirth, and the additional medical treatment that Plaintiff has received or will need to receive as a result thereof. Both parties are also entitled to obtain updated expert medical opinions regarding to what extent, if any, the condition of Plaintiff's lumbar spine following pregnancy and childbirth can reasonably be attributed to injuries caused by the August 2009 accident, rather than to her underlying and preexisting degenerative conditions.

**\*7** In addition to obtaining all relevant medical records and bills, and potentially deposing Plaintiff and Dr. Grover or other treating physicians with respect to her post-childbirth condition, Defendant, if it so desires, is also entitled to an independent medical examination of the Plaintiff with respect to her low back condition, recommended treatment and medical prognosis. The parties' counsel are hereby directed to meet and confer and submit a revised discovery plan and scheduling order in accordance with the foregoing.

### CONCLUSION

Plaintiff has sufficiently demonstrated good cause for the reopening of discovery for the limited purpose of assessing Plaintiff's current lumbar spine condition, treatment needs and prognosis, and the extent to which these matters are attributable to the injuries Plaintiff sustained in the August 9, 2009 accident. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to **Reopen Discovery** and Extend Trial Date (# 88) is **granted** in accordance with the provisions of this order.

**IT IS FURTHER ORDERED** that the parties shall file a proposed discovery plan and scheduling order on or before **April 21, 2014.** Upon request by either or both parties, the court will set a discovery conference.

D.Nev.,2014.

Rios v. Wal-Mart Stores, Inc.
Slip Copy, 2014 WL 1413639 (D.Nev.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.